FILED
 2016 Oct-04 PM 04:25
U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TORCHA ARICKA JOINER; JOINER COMMUNITY DEVELOPMENT CORP., INC.; JOINER DEVELOPMENT PROPERTIES CORP.,** )<br>)<br>)<br>)<br>)<br>) | |
| Plaintiffs,  ) | |
| ) | |
| vs.  ) | CASE NO. 2:14-CV-0386-SLB |
| ) | |
| **CITY OF BIRMINGHAM; CRIMINAL COURTS OF JEFFERSON COUNTY; WILLIAM A. BELL; MARSHAL JOHNSON; JAMES LOVE; JEFFERSON COUNTY DHR,** )<br>)<br>)<br>)<br>) | |
| Defendants.  ) | |

**MEMORANDUM OPINION**

This case is presently before the court on plaintiffs' General Complaint Form for Pro Se Litigant, (doc. 1),[1] and In Forma Pauperis Affidavit, (doc. 2), which the court deems to be a Motion for Leave to Proceed In Forma Pauperis and for Appointment of an Attorney, filed by plaintiff Torcha Joiner. For the reasons set forth below, Ms. Joiner's Motion for Leave to Proceed in Forma Pauperis and for Appointment of an Attorney, (doc. 2), is due to be denied and this case is due to be dismissed.

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

**A. CLAIMS OF JOINER COMMUNITY DEVELOPMENT CORPORATION AND JOINER DEVELOPMENT PROPERTIES CORPORATION**

The law in this Circuit is "well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel." *Pallazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)(citing *Commercial & Railroad Bank v. Slocomb*, 39 U.S. (14 Pet.) 60. 10 L. Ed. 354 (1840); *In re K.M.A., Inc.*, 652 F.2d 398 (5th Cir. Unit B 1981)). "[This] general rule applies even where the person seeking to represent the corporation is its president and major stockholder." *Id*. (citing *In re Las Colinas Development Corp.*, 585 F.2d 7 (1st Cir. 1978), *cert. denied*, 440 U.S. 931, 99 S. Ct. 1268, 59 L. Ed. 2d 487 (1979)). The corporate plaintiffs – Joiner Community Development and Joiner Development Properties – are not represented by legal counsel.

Therefore, the claims of Joiner Community Development and Joiner Development Properties will be dismissed without prejudice.

**B. CLAIMS OF TORCHA ARICKA JOINDER**

"[U]nder 28 U.S.C. § 1915(e)(2), when an application proceeding in forma pauperis is filed, the Court is obligated to review the case and to dismiss [it] if the Court determines the action is frivolous or malicious; it if fails to state a claim upon which relief may be granted; and/or if the complaint seeks monetary relief against a defendant who is immune from such relief."[2]  *Robinson v. Aerotek, Inc.*, No. 8:11-CV-00148-EAK-AEP, 2011 WL

---

[2]Section 1915(e)(2)(B) states:

Notwithstanding any filing fee, or any portion thereof, that may have been

2222186, *1 (M.D. Fla. June 7, 2011). If the IFP affidavit demonstrates plaintiff's economic eligibility to proceed without prepayment of fees, the court dockets the case and determines whether the case is due to be dismissed for one of the reasons set forth in § 1915(e)(2)(B), including failure to state a claim and frivolousness. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). "An issue is frivolous when it appears that 'the legal theories are indisputably meritless.'" *Ghee v. Retailers Nat. Bank*, 271 Fed. Appx. 858, 859 (11th Cir. 2008)(quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)). "The language of section 1915(e)(2)(B)(ii)[, which allows the court to dismiss a complaint for failure to state a claim,] tracks the language of Federal Rule of Civil Procedure 12(b)(6), and [the court] will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)." *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Therefore, in determining whether the Complaint states a claim, the court accepts the allegations in the

---

paid, the court shall dismiss the case at any time if the court determines that –

. . .

(B) the action or appeal –

    (i)  is frivolous or malicious;

    (ii)  fails to state a claim on which relief may be granted; or

    (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2)(B).

Complaint as true and construes those allegations in the light most favorable to plaintiff. *Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP*, 634 F.3d 1352, 1359 (11th Cir. 2011)(quoting *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010)).  "The complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id*. (quoting *Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))))(internal quotations omitted).  A claim is "plausible" if the facts are sufficient "to allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's General Complaint Form for Pro Se Litigants, (doc. 1), is conclusory, rambling, and nonsensical.  For example, she contends that she is "duty bound" to file this action showing injustices against her and her family, and that "[t]hese Injustices include[ ] The Courts Aids and individuals; citizens, & civilians of: The City of Birmingham's, Employers/Employees, the Jefferson County & Employers & Employees and the Criminal Courts of Birmingham (City) Employers/Employees/(self Employers/Employees within our system here today." (Doc. 1 at 5.)  She also alleges:

The causes of the injustices originate[ ] from:

> * Ill advisements by Attorneys that have represented [me].
>
> * The [propaganda] of political tactics through individuals; civilians; [and] citizens on behalf of other in organizations' involvements.
>
> * The powers that be to stall[,] even kill[,] cases built by [me].

>    *   To disrupt, [deter], block and kill these previous cases which are and will show below, without proper representations to interact in discovering of such solid proofs, there which lies in the cases themselves.
>
>    *   These cases are as shown:  CS-2011-0020120. 20110-52969, 2011-52970 & Cases CC 2012-00-2944.00 of The City of Birmingham.
>
> Please, look at the previous cases of:  CV2013 000198# & CV 201300868# of: Jeff. Co and Federal Cases 2:1300-CV-2204-JHH and 2014-P-0090-S which were said to be dismissed from [an amended] complaint failure on my behalf, which I . . . had [amended] twice.  Also Look and Investigate the case of mail fraud and wiretap fraud against these parties mentioned throughout these cases.
>
> Today, Our people are poor, [desensitized], & [disenfranchised], because of: character, religion, views of opinion/facts, creed[,] origin, race and last but not least, gender, in such, negative, [stereotyped] "colonalized" [sic], [bias]/Other (Incorporated) system.  And last but not least <u>gender</u>! through [systematic] divide of ourselves and these factors, Is the reason that are small and we're amongst ourselves . . . are:  <u>Pardon me your Honor</u>:  At each others throats! to survive!

(*Id*. at 6-7 [emphasis in original].)  She contends, *inter alia*, her civil rights have been violated, she has been denied "a decent lawyer/attorney," and labeled a "negative influence." (*Id*. at 9.)  However, the Complaint Form is completely devoid of any facts describing the actual, wrongful actions allegedly taken against her by each defendant.

To the extent that Ms. Joiner alleges some civil rights causes of action based on the termination of her state-court cases, the court notes that this court generally is without the authority to review the correctness of those state-court decisions.  *See Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009)(noting that the *Rooker-Feldman* doctrine precludes lower federal courts from exercising jurisdiction in cases brought by "state-court losers

5

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." (quoting *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, 544 U.S. 280, 284 (2005)).

The court notes that Ms. Joiner has filed two other cases in this court. *Joiner v. City of Birmingham*, Case No. 2:13-CV-2204-JHH (before Senior District Judge Hancock); *Joiner v. City of Birmingham*, Case No. 2:14-0090-RDP (before District Judge Proctor). In both these cases, plaintiff was ordered to amend her pro se Complaint Forms. *Joiner*, Case No. 2:13-CV-2204-JHH, doc. 4, at 1-2;[3] *Joiner*, Case No. 2:14-0090, doc. 4 at 1-2;[4] *id.*, doc.

---

[3]In his Order, Judge Hancock stated:

Plaintiff must amend her complaint by completing a new § 1983 complaint form. The new complaint must be labeled "Amended Complaint" and "**2:13-cv-2204-JHH**" must be written on the first page. In the amended complaint, plaintiff should name as defendants only those persons who violated her constitutional rights. Plaintiff should also state clearly how each named defendant violated her constitutional rights, the date(s) on which the incident(s) occurred, and where the incident(s) occurred. PLAINTIFF MUST CLEARLY SET FORTH THE **FACTS** CONCERNING ANY INCIDENT ABOUT WHICH SHE COMPLAINS. Plaintiff is ADVISED that conclusory and general assertions are not sufficient to state a claim upon which relief under § 1983 can be granted. The amended complaint must include all of plaintiff's claims in this action; IT SHOULD NOT REFER BACK TO THE ORIGINAL COMPLAINT. Plaintiff is ADVISED that the Court will consider **only** the claims set forth in the amended complaint.

*Joiner v. City of Birmingham*, Case No. 2:13-CV-2204-JHH, doc. 4 at 1-2(emphasis in original).

[4]In this Order, Judge Proctor instructed Ms. Joiner that her Amended Complaint was required to comply with Fed. R. Civ. P. 8(a) and (e)(1), 10(b), and 11(b). He also ordered,

6 at 1.[5]  Judge Hancock dismissed Ms. Joiner's case in his court on December 17, 2013, and denied her subsequent Motion to Amend on January 14, 2014. *Joiner*, Case No. 2:13-CV-2204-JHH, docs. 8, 10.  Ms. Joiner filed her Complaint Form in the case before Judge Proctor on January 15, 2014. *Joiner*, Case No. 2:14-0090, doc. 1.  When Judge Proctor dismissed her case on February 21, 2014, for failure to file an Amended Complaint as he had directed, *see id.*, doc. 7, Ms. Joiner filed the instant action on March 5, 2014.

As set forth above, the Pro Se Complaint Form fails to state a plausible claim for relief.  Therefore, Ms. Joiner's claims are due to be dismissed.  At this point, the court finds that allowing plaintiff another opportunity to amend her Complaint Form would be futile.  Ms. Joiner has demonstrated on numerous occasions that she is either incapable of or unwilling to properly allege her claims against these defendants.  Therefore, Ms. Joiner's claims will be dismissed with prejudice. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005)("Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint.  The district court, however, need not allow an

---

"Each count in the Amended Complaint should contain no more than one discrete claim for relief.  The Amended Complaint must also contain allegations of fact which support each discrete claim.  Specifically, Plaintiff must set forth each claim she is making against Defendant separately, in a short, plain statement, containing allegations of fact and referencing the statute or law under which each separate claim is brought and the relief sought under each separate claim." *Joiner*, Case No. 2:14-0090, doc. 4 at 1-2.

[5]In this Order, Judge Proctor against ordered Ms. Joiner to file an Amended Complaint that complied with Fed. R. Civ. P. 8(a) and (e)(1), 10(b), and 11(b). *Joiner*, Case No. 2:14-0090, doc. 6 at 2.

amendment . . . where there has been . . . repeated failure to cure deficiencies by amendments previously allowed.")(internal quotations and citations omitted).

## CONCLUSION

For the foregoing reasons, the court is of the opinion that the claims filed by the corporate plaintiffs – Joiner Community Development Corp., Inc., and Joiner Development Properties Corp. – are due to be dismissed without prejudice, and the claims of Torcha Aricka Joiner, are due to be dismissed with prejudice. An Order denying Ms. Joiner's Motion to Proceed In Forma Pauperis and dismissing this action will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 4th day of October, 2016.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE